**Information to identify the case:**

| | | |
|---|---|---|
| Debtor 1 | Arthur H. Watson<br>First Name   Middle Name   Last Name | Social Security number or ITIN   xxx–xx–2057<br>EIN   _ _–_ _ _ _ _ _ _ |
| Debtor 2<br>(Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN   _ _ _ _<br>EIN   _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court | District of New Jersey | |
| Case number: | 12–12977–ABA | |

# Order of Discharge                                           12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

   Arthur H. Watson

<u>8/9/17</u>                                                                    **By the court:** <u>Andrew B. Altenburg Jr.</u>
                                                                                                            United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**
This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**
Examples of debts that are not discharged are:

    ♦ debts that are domestic support obligations;

    ♦ debts for most student loans;

    ♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2>**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**

United States Bankruptcy Court
District of New Jersey

In re:                                                                    Case No. 12-12977-ABA
Arthur H. Watson                                                          Chapter 13
         Debtor

## CERTIFICATE OF NOTICE

District/off: 0312-1            User: admin              Page 1 of 1              Date Rcvd: Aug 09, 2017
                                Form ID: 3180W           Total Noticed: 7

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 11, 2017.
db             +Arthur H. Watson,    525 Newton Lake Drive,    Apt. D 726,    Collingswood, NJ 08107-1648
aty            +Mark S Halpern,    Halpern & Levy,    1204 Township Line Road,    Drexel Hill, PA 19026-5034
cr             +Michael Salove Company,    Halpern & Levy, Esquire,    ATTN: Mark S. Halpern,
                 1204 Township Line Road,    Drexel Hill, PA 19026-5034
512979075      +M&T Bank,    c/o Alexandra T. Garcia,    216 Haddon Avenue, Suite 303,    Westmont, NJ 08108-2811
512747982      +M&T Bank,    Attn: KLM Law Group,    701 Market Street, Ste 5000,    Philadelphia, PA 19106-1541

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: usanj.njbankr@usdoj.gov Aug 09 2017 22:31:10    U.S. Attorney,    970 Broad St.,
                 Room 502,    Rodino Federal Bldg.,    Newark, NJ  07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Aug 09 2017 22:31:08    United States Trustee,
                 Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
                 Newark, NJ  07102-5235
                                                                                              TOTAL: 2

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 11, 2017                                    Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 9, 2017 at the address(es) listed below:
              Alexandra T. Garcia    on behalf of Creditor    M&T Bank NJECFMAIL@mwc-law.com
              Christopher J. Kern    on behalf of Debtor Arthur H. Watson cjkernlaw@comcast.net
              Denise E. Carlon    on behalf of Creditor    M&T Bank dcarlon@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              Isabel C. Balboa    ecfmail@standingtrustee.com, summarymail@standingtrustee.com
              Isabel C. Balboa    on behalf of Trustee Isabel C. Balboa ecfmail@standingtrustee.com,
               summarymail@standingtrustee.com
              Isabel C. Balboa (NA)    on behalf of Trustee Isabel C. Balboa ecfmail@standingtrustee.com
              Joshua I. Goldman    on behalf of Creditor    M&T Bank jgoldman@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              Raymond  Shockley, Jr    on behalf of Trustee Isabel C. Balboa ecf@standingtrustee.com
                                                                                             TOTAL: 8